UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DALE R. CALDWELL,

                                    DECISION AND ORDER

                 Plaintiff,

                                    19-CV-6584L

                 v.

ANDREW SAUL,
Commissioner of Social Security,

                 Defendant.
_____

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). This action is brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

On March 1, 2018, plaintiff, then twenty-eight years old, filed applications for a period of disability and disability insurance benefits, and for Supplemental Security Income, alleging disability beginning October 1, 2016. (Administrative Transcript, Dkt. #7 at 12). His applications were initially denied. Plaintiff requested a hearing, which was held December 19, 2018 via videoconference before Administrative Law Judge ("ALJ") Robyn L. Hoffman. The ALJ issued an unfavorable decision on April 5, 2019. (Dkt. #7 at 12-21).That decision became the final decision of the Commissioner when the Appeals Council denied review on June 18, 2019. (Dkt. #7 at 1-3). Plaintiff now appeals.

The plaintiff has moved for remand of the matter for further proceedings (Dkt. #13), and the Commissioner has cross moved (Dkt. #15) for judgment on the pleadings, pursuant to Fed. R.

Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the decision appealed-from is affirmed.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision summarizes plaintiff's medical records throughout the relevant period. This included treatment for lumbosacral degenerative disc disease and a disc bulge, which the ALJ concluded together constituted a severe impairment not meeting or equaling a listed impairment. (Dkt. #7 at 15).

Upon review of the record, the ALJ found that plaintiff has the residual functional capacity ("RFC") to perform light work, with the occasional lifting and carrying of up to twenty pounds, frequent carrying of ten pounds, and the ability to sit, stand, and/or walk for approximately six hours in an eight-hour workday, with normal breaks. (Dkt. #7 at 15).

Given the RFC finding limited to "light work," the ALJ determined that plaintiff was unable to return to his past relevant work as an automotive parts sales associate and delivery driver, which was performed at the medium exertional level. However, given the ALJ's RFC finding (light work with no additional limitations), plaintiff's age (27 at the alleged onset date) and education level (high school), the Medical-Vocational Guidelines directed a finding of "not

disabled," regardless of whether plaintiff possessed any transferable job skills. The ALJ accordingly found plaintiff not disabled. (Dkt. #7 at 20).

### I.     The Medical Opinions of Record

Plaintiff chiefly argues that the ALJ erred in failing to properly evaluate the medical opinions of record.

In considering medical opinions of record, an ALJ must assign weight based on the following factors: (1) the frequency, length, nature, and extent of treatment; (2) the evidence in support of the opinion; (3) the consistency of the opinion with the record; (4) the specialty of the physician; and (5) any other factors which may support or contradict the opinion. *See Yucekus v. Commissioner*, 2020 U.S. App. LEXIS 32138 at *6 (2d Cir. 2020)(unpublished opinion).[1]

While an ALJ is not obligated to "reconcile explicitly every conflicting shred of medical testimony," the ALJ must explain the weight given to the medical opinions of record, and set forth his or her reasons for adopting or rejecting their content. *Fiorello v. Heckler*, 725 F.2d 174, 176 (2d Cir. 1983).

---

[1] The Court notes that the Social Security Administration Regulations which codified the "treating physician rule" (a rule that requires that controlling weight be given to well-supported treating physician opinions where they are consistent with other substantial evidence in the record), have been revised to rescind the rule for disability applications filed on and after March 27, 2017. Plaintiff's applications were filed after the regulatory change, and the Commissioner thus preemptively argues that Dr. Tasaddaq's opinions were not entitled to any special evidentiary weight, and that the ALJ cannot be faulted if the Court finds that the treating physician rule was not overtly applied.

Because the treating physician rule originated in this Circuit as a judicially created standard, the Court is not persuaded that the removal of the rule from SSA Regulations for applications on and after March 27, 2017 relieves an ALJ of the obligation to apply it. *See generally Schisler v. Sullivan*, 3 F.3d 563, 567-68 (2d Cir. 1993) (noting differences between the codified treating physician rule and the preexisting Second Circuit standard, but finding the regulations valid and binding on the courts); *Garcia v. Colvin*, 2015 U.S. Dist. LEXIS 99623 at *23 (E.D.N.Y. 2015) (describing the history of the treating physician rule in the Second Circuit). However, the Court need not decide the issue here: regardless of whether Dr. Tasaddaq's opinions were entitled to assessment under the treating physician rule, I find that the ALJ's weight determinations concerning all of the medical opinions of record – Dr. Tasaddaq's included – took account of all of the pertinent factors (e.g., identifying treating/consulting/reviewing status and areas of specialty, describing courses of treatment or examination findings, comparing consistency of opinions with the evidence of record), were supported by the record, and were adequately explained. *See generally Burgess v. Astrue*, 537 F.3d 117, 129-30 (2d Cir. 2008) (ALJ's failure to explicitly discuss the treating physician rule is not reversible error, where the ALJ nonetheless took account of the appropriate factors and supported his or her findings with "good reasons").

Here, the ALJ assessed three employability forms completed by plaintiff's treating family medicine specialist, Dr. Ayesha Tasaddaq, between August 14, 2017 and January 16, 2018. (Dkt. #7 at 257-58, 361-62, 363-64). Dr. Tasaddaq variously opined that due to his disc bulge, disc disease with myelopathy and/or "other chronic pain," plaintiff had up to moderate limitations in standing and sitting for long periods, and no limitations in walking, lifting and carrying, pushing, pulling, bending, climbing, etc. *Id.* The ALJ found Dr. Tasaddaq's opinions "persuasive," but noted that the "moderate" standing and sitting limitations she described were unsupported by any clinical findings, and that at least one of the opinions referred only to temporary limitations expected to last for 7-11 months.

The ALJ likewise found the May 3, 2018 opinion of non-examining State Agency medical consultant Dr. Annamalai Periakaruppan "persuasive." (Dkt. #7 at 19, 61-80). The ALJ adopted Dr. Periakaruppan's opinion that plaintiff was capable of "light" work, but declined to credit the additional postural limitations listed by Dr. Periakaruppan – no more than occasional stooping, and no more than occasional climbing of ladders, ropes or scaffolds – on the grounds that they were unsupported by the record. (Dkt. #7 at 67, 72).

Finally, the ALJ rejected the opinion of consulting examiner Dr. Despina Isihos (Dkt. #7 at 344-47) as "not persuasive," based on the fact that it appeared to have been based on plaintiff's subjective complaints rather than on any examination findings. Specifically, other than a finding of mildly diminished lumbar spinal flexion and an observation that plaintiff's gait was "slow" with "some difficulty" walking heel-to-toe, Dr. Isihos's objective examination findings were entirely unremarkable. Dr. Isihos noted that plaintiff's stance was normal and that he had full strength and range of motion in all extremities and in his knees, ankles, wrists and hands. Plaintiff had normal finger dexterity, full flexion of the cervical spine, normal reflexes, no evidence of muscle atrophy,

4

and negative straight leg raising tests (indicating no lumbar disc herniation). She also reviewed a recent lumbar spine x-ray (Dkt. #7 at 348) showing "no significant bony abnormality." Nonetheless, Dr. Isihos opined that plaintiff has a "moderate" restriction for pushing, pulling, squatting and kneeling, a marked restriction for heavy lifting, and a marked restriction on "prolonged" sitting and standing. She also opined that plaintiff should avoid heights, ladders and uneven surfaces. (Dkt. #7 at 347).

I find no error in the ALJ's discussion and weighing of the medical opinion evidence. As the ALJ noted, plaintiff's course of treatment (consisting of over-the-counter medications, with prior attempts a physical therapy, muscle relaxers and epidural steroid injections, which plaintiff reported were unsuccessful) was conservative in nature, with "no indicated neurosurgical intervention." (Dkt. #7 at 246). Repeated imaging studies of plaintiff's lumbar spine showed normal-to-mild findings. *See* Dkt. #7 at 350 (October 27, 2016 lumbar spine x-ray showing mild anterior wedging of T11 and T12, and mild degenerative changes); 352-54 (December 28, 2016 lumbar spine x-ray showing minimal wedging of T12, "likely old," partial disc desiccation (dehydration) at L5-S1, and mild to moderate left foraminal stenosis at L4-5); 245-46 (April 14, 2017 neurosurgical evaluation documenting review of an MRI of the lumbar spine showing "a healthy 27-year-old spine" with no stenosis, mild degenerative disc changes and loss of T2 signal at T12-L1 and LS-S1); 348 (April 24, 2018 x-ray of the lumbar spine showing no significant bony abnormalities).

On examination, plaintiff typically presented with full strength in all extremities, normal reflexes, flexion and extension, and no gait abnormalities or decreased sensation. (Dkt. #7 at 227-34, 245-54, 281-82, 313-43, 367-70, 372-87).

Taken together, plaintiff's treatment notes and objective tests documenting largely mild or unremarkable findings, as well as the conservative nature of his treatment, "constituted a good reason" for the ALJ to have rejected portions of the medical opinions of record which were inconsistent with, and unsupported by, the record as a whole. *Wojewoda v. Commissioner*, 2019 U.S. Dist. LEXIS 119833 at *16 (W.D.N.Y. 2019).

In short, there does not appear to be any substantial evidence, in the form of treatment records, objective test results, imaging studies, or examination findings, which supports limitations beyond those found by the ALJ. I find that the weight given by the ALJ to the medical opinions of record was appropriate and sufficiently explained, and that the ALJ's decision is supported by substantial evidence, and was not the product of reversible legal error.

I have considered the remainder of plaintiff's arguments, and find them to be without merit.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to vacate the ALJ's decision and remand the matter (Dkt. #13) is denied, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #15) is granted. The ALJ's decision is affirmed in all respects, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
October 26, 2020.